[Civ. No. 15748.   First Dist., Div. Two.   Nov. 19, 1953.]

RUTH C. CAVANAH, Respondent, v. SYLVAN MERCUSH, Appellant.

Belcher & Koller, Schofield & Hannegan, Stanford G. Smith and Raymond H. Goodrich for Appellant.

McCarthy & Franich for Respondent.

NOURSE, P. J.—This is an action for personal injuries and damage to plaintiff's automobile suffered in a collision. Defendant's liability was admitted at the trial and it was stipulated that damage to the automobile in the sum of $300 and special personal damages (hospitalization, medical services, etc.) in the sum of $3,413.16 were correct and reasonable. The jury returned a verdict in the total sum of $18,313.16 on which judgment was entered. A motion for a new trial on the ground of excessive damages was denied.

Defendant's only grievance on appeal is against the alleged excessiveness of the general damages in the amount of $14,500. There was supporting the verdict substantial evidence that respondent suffered a fracture of the tibia of the left leg extending into the knee joint, fracture of the fibula of the left leg with injury to the peroneal nerve affecting her movement, compound fracture of the right knee patella and minor injuries to chest and left elbow. She was hospitalized for four and one-half months and had to undergo two operations on her left leg. She suffered very much pain during the first three months and at the time of the trial, one year and nine months after the accident, still suffered pain when moving around. At that time the motion of her left foot and knee was limited; she had to wear a brace on her left foot and use a cane, whereas prior to the accident she moved normally. The necessity of wearing a brace could be obviated by an operation which, however, would result in a stiff left foot. The patella of her right knee was subject to slipping which condition could be corrected by an operation which would cost approximately $500 for surgical and hospital costs. Walking outside was restricted to one or two blocks on level ground with brace and cane although in her home she some times moved without them. It was stipulated that plaintiff had a life expectancy of 11.67 years.

According to appellant she was a 64-year-old widow. Since her marriage she had no earnings from employment except

occasional work as cashier in the month of December for some five years, in which she earned $100 each December. She had agreed to do the same work in December, 1950, but was prevented from doing so by the accident.

The alleged excessiveness of a similar verdict was rejected by the Supreme Court in *Ericksen* v. *Southern Pac. Co.*, 39 Cal.2d 374, 382 [246 P.2d 642]. The plaintiff in that case was a 64-year-old man with a life expectancy of approximately 14 years. He suffered leg injuries comparable to those in the case before us, requiring hospitalization and operations and causing pain and permanent limitation of the motion of one foot. The verdict upheld was for $18,000, comprising $3,000 for loss of wages during an estimated period of disability. The following language of the Supreme Court found at the page cited above is equally applicable to our case: "The claim that the verdict was excessive was passed upon and rejected by the trial court on the motion for a new trial. The amount of damages fixed by the jury and thereafter approved by the trial court will not be disturbed on appeal unless the evidence shows that the award is so disproportionate to any reasonable limit of compensation as to indicate that it was the result of passion, prejudice, or corruption on the part of the triers of the facts. [Citation.] There is no such showing."

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.